IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company, et al., ) ) ) Plaintiffs, ) ) vs. ) ) DOES 1 - 18, ) ) Defendants. ) | 8:07CV3202 ORDER |

   The court has reviewed plaintiffs' Response [13] to the Order to Show Cause filed on January 3, 2008.

   Briefly, on August 9, 2007, the plaintiffs received permission to conduct immediate discovery in this matter so they could ascertain the true identity of the defendants through records maintained by the University of Nebraska at Lincoln (UNL). Of equal importance was the concern that the records in question would cease to exist in a matter of weeks or days. In their ex parte application [4], plaintiffs represented that they intended to serve the subpoena on UNL within 15 business days.

   Counsel now advises that UNL, in two related cases, had "brought to Plaintiffs' attention a number of concerns relating to the scope and breadth of the subpoenas" served on UNL in those cases. Plaintiffs' counsel apparently negotiated with UNL in the other two cases, and reached some kind of agreement regarding the production of records, but neglected to timely serve any subpoena in this particular case. Although plaintiffs state that they somehow delivered the subpoena to UNL some time in September 2007, they never filed any certificate of service to that effect. Thus, the court finds that no subpoena was served on UNL in this case until January 11, 2008.

   The court specifically rejects plaintiffs' assertion that they were "not in a position to serve any subpoena in this case" due to their ongoing discussions with UNL in the other cases. They were given permission to serve the subpoena last August. Taking judicial notice of the court's records, I note that UNL has not raised any formal challenge to any aspect of the subpoenas issued in the related cases. *See, e.g.*, Fed. R. Civ. P. 45(c).

   The plaintiffs were given permission to conduct "immediate" discovery upon the representation that it was necessary to do so; however, it appears that "immediacy" was actually of little importance–the plaintiffs are once again "negotiating" with UNL about whether it will comply with the pending subpoena.

Plaintiffs are advised that the orders of this court are not contingent on any agreement their attorneys may make with nonparties off the record. Counsel's conduct in this case is of concern because a subpoena, like a summons, is a jurisdiction-getting paper. It subjects the recipient to the jurisdiction of the court. It is not some kind of informal request. The plaintiffs should not have requested permission to conduct immediate discovery by subpoena unless they actually intended to conduct immediate discovery as they represented in their motion.

Once again taking judicial notice of the court's records, it seems likely that these or similar plaintiffs will file future requests to conduct "immediate" discovery by serving a subpoena on UNL. The information contained in the plaintiffs' response to the order to show cause demonstrates to the court that, ultimately, judicial economy will be served by requiring the plaintiffs and UNL to resolve any and all disputes concerning plaintiffs' subpoenas formally pursuant to Fed. R. Civ. P. 45, rather than through a never-ending series of "negotiations."

**IT IS ORDERED:**

1. If UNL does not satisfactorily comply with plaintiffs' subpoena by **January 28, 2008**[1], plaintiffs are given leave to file a Motion to Compel pursuant to Fed. R. Civ. P. 45(c). Said motion shall be filed and served no later than **February 11, 2008.**

2. Failure to comply with the February 11, 2008 deadline will result in (a) a finding that plaintiffs' subpoena is deemed abandoned and (b) a recommendation that this case be dismissed pursuant to NECivR 41.1 for failure to prosecute, as the plaintiffs will be unable to identify any of the remaining Doe defendants.

**DATED January 16, 2008.**

              **BY THE COURT:**

              **s/ F.A. Gossett**
              **United States Magistrate Judge**

---

[1] Pursuant to Fed. R. Civ. P. 45(c)(2)(B), objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The court has adopted the 14 day deadline because plaintiffs' Notice of Service [12] contains no information about the time actually specified for compliance.